IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND CARL JONES, | ) | |
| ID # 870127, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:07-CV-0203-P (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his March 24, 1999 conviction and resulting fifteen-year sentence for delivery of a controlled substance in Cause No. F98-50547. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) Furthermore, his asserted claims reflect that he also challenges denials of release to mandatory supervision and parole. (*See id.* at 7.) The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

After petitioner pled guilty to delivery of a controlled substance, the trial court sentenced him to fifteen years imprisonment in March 1999. (*Id.* at 2.) In May 2000, the court of appeals affirmed his conviction. (*Id.* at 3.) He has twice pursued state habeas relief. (*Id.* at 3-4.)

In the instant petition, petitioner asserts four grounds for relief – (1) he is erroneously denied release to mandatory supervision; (2) he is erroneously denied release to parole; (3) his guilty plea was involuntary, based upon ineffective assistance of counsel and the trial court's failure to properly admonish him; and (4) he was denied a "full and fair hearing" on his state application for writ of habeas corpus.

Petitioner has challenged his conviction before in federal court by way of a § 2254 petition. *See Jones v. Dretke*, No. 3:04-CV-0878-M (N.D. Tex.) (Pet. received Apr. 26, 2004). In the prior action, petitioner raised the same or similar claims that are raised in the instant petition as Claims 3 and 4. On October 21, 2004, the Court denied the petition as untimely. *See id.* (Judgment and Order dated Oct. 21, 2004).

Because petitioner has filed a previous federal petition to challenge his drug conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v.*

*Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1]  A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  523 U.S. at 645.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion.  The Court dismissed the prior petition as untimely.  Such a dismissal is not the type of procedural ruling that would make a later-filed petition non-successive.  *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003).  A prior untimely petition "count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims."  *Altman,* 337 F.3d at 766.

When a petitioner has pursued a prior federal petition for writ of habeas corpus that counts for purposes of determining whether a subsequent petition is successive, *Orozco-Ramirez* and *Crone*

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision.  *See* 211 F.3d at 864 n.4.  In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

require the petitioner to present all available claims related to his conviction and sentence in that prior petition. *See* 211 F.3d at 867, 324 F.3d at 836-37.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1999 conviction in a prior federal petition. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims (Claims 3 and 4) that were raised in his initial petition. Furthermore, although the factual bases for petitioner's first and second claims may have arisen after the Court entered judgment in his prior federal habeas action, such claims do not affect whether the application is successive. The statute specifically restricts the filing of a second or successive *application*. *See* 28 U.S.C. § 2244(b)(3) (emphasis added). The Supreme Court has specifically determined that "an 'application' for habeas relief is a filing that contains one or more 'claims'." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). In other words, an application for habeas relief is a filing that contains at least one "asserted federal basis for relief from a state-court conviction." *Id.* (defining claim as "an asserted federal basis for relief" from a state court's judgment of conviction). This Court has long held that, "[a] 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SIGNED this 15th day of June, 2007.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE